UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SERGIO MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL MINEV, et al.<br><br>    Defendants. | Case No.: 2:22-cv-00387-RFB-EJY<br><br>**ORDER** |

Presently before the Court is Plaintiff Sergio Morale's Motion for Appointment of Counsel. ECF No. 37.

On March 2, 2022, Plaintiff filed his Complaint alleging violations of his Eighth and Fourteenth Amendment protections. ECF No. 1-1. In his Complaint, Plaintiff alleges that due to high blood pressure, high cholesterol, and delays in receiving prescriptions he suffered a heart attack while in custody at High Desert State Prison ("HDSP"). *Id.* at 3. Plaintiff further claims he has not received a recommended follow-up procedure and, at the time of filing the Complaint, he had been without his cholesterol and hypertension medications since November 2021 and December 2021, respectively. *Id.* at 4-6. Plaintiff further alleges he is the only person in his housing unit that received delayed treatment and medication. *Id.* at 6.

On June 14, 2022, the Court screened Plaintiff's Complaint, and permitted Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim to proceed against Defendants Bernales, Carrillo, Johnson, and Minev. ECF No. 6 at 8. The Court also permitted Plaintiff's Fourteenth Amendment Equal Protection claim to proceed against the same Defendants. *Id*.

A *pro se* litigant does not have a constitutional right to appointed counsel upon filing a 42 U.S.C. § 1983 civil rights claim. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Rather, when considering the potential appointment of counsel for a *pro se* plaintiff, the Court must consider whether there are "exceptional circumstances" warranting such an appointment. 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Such an appointment is

discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Ninth Circuit employs a two-prong test to determine whether "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court must evaluate the "likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff requests the Court appoint counsel to represent him in this civil action because he is unable to afford counsel, is imprisoned which "will greatly limit his ability to litigate this case," and will need an appointment to view discovery documents. ECF No. 37 at 1-2. Plaintiff also alleges the issues presented in this case are complex because it will require "substantial investigation and discovery" and "conflicting testimony" requiring cross examination. *Id.*

Plaintiff has demonstrated that he may prevail on the merits of his claims, particularly on his claim of deliberate indifference to serious medical needs. Moreover, the legal issues involved are somewhat complex. Defendants have raised the defenses of qualified immunity, discretionary act immunity, and that Plaintiff's claims are barred by sovereign immunity. ECF No. 21 at 4. While Plaintiff has demonstrated an ability to articulate the factual basis of his legal claims, the issues raised seeking to bar his Complaint are complex. Further, the Court finds prosecuting Plaintiff's Eighth Amendment claim will require sophisticated legal knowledge. Weighing these factors together, the Court concludes that circumstances warrant appointment of counsel in this action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 37) is GRANTED.

IT IS FURTHER ORDERED that this matter is referred to the Court's Pro Bono Program for appointment of Counsel.

DATED this 18th day of April, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE