MILAN CHATTERJEE (Bar No. 15159)
3172 N. Rainbow Blvd., 1406
Las Vegas, Nevada 89108
(702) 381-275
Email: Milan@MilansLegal.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SERGIO MORALES,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL MINEV, *et al.*,<br><br>            Defendants. | Case No. 2:22-cv-00387-RFB-EJY<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND DISCOVERY AND OTHER DEADLINES (THIRD REQUEST)** |

Defendants Wilson Bernales, Michael Minev, and Calvin Johnson, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Rudolf M. D'Silva, Esq., Deputy Attorney General, of the State of Nevada, Office of the Attorney General, and Plaintiff Sergio Morales, by and through pro bono counsel Milan Chatterjee Esq. of Milan's Legal, hereby stipulate and agree to extend the time for discovery and other deadlines as set forth herein.

This is the Parties' third requested modification of the Scheduling Order since the appearance of pro bono counsel, Mr. Chatterjee, Esq, and second requested modification of the Scheduling Order since the appearance of new legal counsel for Defendants, Mr. D'Silva, Esq.

There are both good cause and excusable neglect for this Court to grant an extension of discovery. LR 26-3.

/ / /

/ / /

/ / /

Page **1** of **5**

## I. CERTIFICATION REGARDING MEET AND CONFER AND BACKGROUND

The Parties hereby declare and certify that they met and conferred via telephone on March 27, 2025, and agreed that an extension of discovery to December 26, 2025 would benefit both Parties for the reasons set forth below.

The Parties respectfully request another two hundred and seventy (270) days for discovery. This request is based on a variety of circumstances. Milan Chatterjee is acting as pro bono counsel. ECF No. 53. Upon his appearance, the Parties submitted a Proposed Plan and Scheduling Order. ECF No. 55. The Honorable Court granted the Proposed Plan and issued the Scheduling Order, setting a discovery cut-off for April 5, 2024. ECF No. 56. The Honorable Court granted the Parties's First Stipulation and Proposed Order to Extend Discovery on March 27, 2024, setting a discovery cut-off for October 2, 2024. ECF No. 64. The Honorable Court granted the Parties's Second Stipulation and Proposed Order to Extend Discovery on October 4, 2024, setting a discovery cut-off for March 31, 2025.

Since such time, on March 24, 2025, Plaintiff Morales has recently reported multiple new health issues (including but not limited to neurological issues) that he has recently developed, apparently in relation to the causes of action alleged in this case. Due to these newly-developed health issues, Plaintiff Morales's legal counsel needs additional time to obtain expert witnesses specializing in these areas of medicine, along with seeking an expert witness relating to Plaintiff Morales's longstanding cardiac issues. Plaintiff Morales's legal counsel, additionally, needs additional time to review Plaintiff Morales's new medical records in relation to these newly-developed health issues, and to conduct necessary and relevant discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

Furthermore, Plaintiff Morales's legal counsel himself developed severe health issues, which required him to take medical leave; Plaintiff Morales's legal counsel has recently returned from his prolonged medical leave and needs additional time for discovery on this ongoing case.

As can be seen by the docket, the Parties have been focusing their efforts and communication on the medical treatment of Mr. Sergio Morales, which has apparently only worsened, requiring additional discovery time. On February 15, 2024, Defendants filed a Status Report with certain medical records submitted under seal. ECF 59, ECF No. 60 and ECF No. 61. Mr. Morales's treatment continues and as such, additional time is needed in relation to discovery (including of Mr. Morales's newly-developed health issues) and alleged damages.

## II. STATEMENT OF DISCOVERY COMPLETED TO-DATE

Both sides have completed written disclosures.

## III. DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED

In light of the circumstances listed above, the Parties require additional time to complete discovery including written discovery requests, and if necessary, depositions and the retention of expert witnesses.

## IV. STATEMENT OF GOOD CAUSE AND EXCUSABLE NEGLECT

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV10-03997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

/ / /

/ / /

Excusable neglect, depends on "four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)

The Parties have specifically met and conferred and agreed to extend the discovery deadline. The Parties' focus has been on the ongoing medical treatment of Mr. Sergio Morales, including an open heart surgery that Mr. Morales has recently undergone and is recovering from. Furthermore, Mr. Morales has developed new health issues (including neurological issues) that are relevant to this lawsuit; the Parties' discovery focus is on Mr. Morales's ongoing and newly-developed health issues. Completion of discovery is best suited following the upcoming evaluation and treatment of Mr. Morales's ongoing and newly-developed health issues.

Both Parties will benefit from an extension, and neither party will be prejudiced by the additional time to conduct discovery. Therefore, both good cause and excusable neglect are present to extend discovery.

## V.   PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

The Parties propose the following schedule for completion of all remaining discovery and the filing of any dispositive motions:

- The deadline for completion of discovery will be extended to **December 26, 2025**.
- In accordance with Rule 26(a)(2) and Local Rule 26-1(b)(3), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than **Monday, October 27, 2025**, and disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than **Wednesday, November 26, 2025.**

///

- The deadline to file any dispositive motions will be extended until **January 25, 2026.**
- The deadline to file a Joint Pre-Trial order will be extended until **February 24, 2026,** or, if dispositive motions are filed, until thirty (30) days after the entry of any order on the dispositive motions.

## VI. CONCLUSION

Based on the foregoing, good cause and excusable neglect exist, and the parties respectfully request that this Court extend the deadlines as set forth above.

DATED this 31st day of March, 2025.

MILAN'S LEGAL

By: */s/ Milan Chatterjee, Esq.*
    Milan Chatterjee, Esq.
    Nevada Bar No. 15159
    Milan's Legal
    3172 N. Rainbow Blvd
    Suite 1406
    Las Vegas, NV 89101
    *Attorneys for Plaintiff*

DATED this 31st day of March, 2025.

OFFICE OF ATTORNEY GENERAL

By: */s/ Rudolf M. D'Silva*
    Rudolf M. D'Silva
    Nevada Bar No. 16227
    Nevada Attorney General's Office
    1 State of Nevada Way, Suite 100
    Las Vegas, NV 89119
    *Attorneys for Defendants*

**IT IS SO ORDERED; provided, however, no further extensions of discovery will be granted absent extraordinary unforeseen circumstances.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**DATED: March 31, 2025**